UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ALLEN FREDRICK REXUS,

                        Petitioner,

   vs.

PATRICK GLEBE,

                      Respondent.

NO.  CV-10-5120-LRS

ORDER DISMISSING PETITION

BEFORE THE COURT is Petitioner's Response (Ct. Rec. 12) to the Order to Show Cause. By Order filed November 29, 2010, the court had granted Mr. Rexus until December 29, 2010 to file his Response.  He filed nothing further.  In a letter dated January 5, 2011, Petitioner states he recently filed a  Personal Restraint Petition in the Washington State Supreme Court.

The court had instructed Mr. Rexus to show cause why his Habeas Corpus Petition should not be summarily dismissed pursuant to *Stone v. Powell*, 428 U.S. 465, 494 (1976).  Each of his four grounds for federal habeas relief is based on the alleged illegal search and seizure of evidence. After review of Petitioner's response, the court finds summary dismissal is appropriate under Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner has not shown the state denied him a full and fair opportunity to litigate his Fourth Amendment claims. *See id.* at 488; *Hernandez v. City of Los Angeles*, 624 F.2d 935, 937 n. 3 (9th Cir. 1980)("fourth amendment claim is not cognizable as a basis

ORDER DISMISSING PETITION -- 1

for federal habeas relief, where the state has provided an opportunity for full and fair litigation of the claim.").  Petitioner admits his Fourth Amendment arguments were presented on direct appeal and in a Personal Restraint Petition.  His contention the state courts erred in their interpretation and application of Supreme Court precedent does not demonstrate he was denied a full and fair opportunity to litigate his Fourth Amendment issues.

Therefore, **IT IS ORDERED** the Petition is **DISMISSED with prejudice**.   To the extent Mr. Rexus may wish to present an ineffective assistance of counsel claim in a future habeas petition, he must first exhaust that claim in the state courts and present it in a timely fashion under 28 U.S.C. § 2244(d).  The one-year limitations period is not statutorily tolled during the pendency of a federal habeas petition, *see Duncan v. Walker*, 533 U.S. 167 (2001).

**IT IS SO ORDERED.**  The District Court Executive shall enter this Order, enter judgment, forward a copy to Petitioner and close the file.  The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** this   13th   day of January, 2011.


*s/Lonny R. Suko*
_____
LONNY R. SUKO
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DISMISSING PETITION -- 2